## RANDO v. DEMEAUX. *
### No. 16588.

Court of Appeal of Louisiana. Orleans.
June 14, 1937.

F. B. Freeland, of New Orleans, for appellant.

Lester Pailet, of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Joseph P. Rando, owner of the premises No. 2911 Carondelet street, leased them to Jean L. Demeaux from August 1, 1935, to September 30, 1936, at $25 per month. The lease, which was in writing, contained a stipulation under which failure to pay any one note matured all. Each note provided for the payment of interest at 8 per cent. from maturity, as' did the lease, which also contained an agreement that the lessee, Demeaux, should pay attorneys' fees at 10 per cent. on the total amount which might be due "in case of suit or employment of counsel." For several months Demeaux paid each note a few days after its maturity, but, on January 21, 1936, the attorney for Mrs. Rando, lessor, wrote a letter to Demeaux advising him that "your practice of delaying payments of the rent * * * will no longer be satisfactory." The note due February 1st was, apparently, promptly paid. March 1st was a Sunday, but that note was not paid even on the next day, Monday.

*Rehearing denied Oct 4, 1937.

Defendant Demeaux now gives as his reason for this the failure of Mrs. Rando to call for payment. Mrs. Rando declares that she did call for payment at the premises at 7 p. m. on Monday night and that both Mr. and Mrs. Demeaux were out; that she waited until 9 p. m., and then, being unable to locate either Mr. or Mrs. Demeaux, departed and turned the matter over to her attorney for attention. On March 3d or 4th the attorney for Mrs. Rando and the attorney for Demeaux consulted, but there is now a dispute over what was the purpose of the conference. We are unable to determine whether there was involved the inability of Demeaux to pay the note due March 1st, or his unwillingness to pay it until repairs should be made to a defective water heater.

At any rate, on March 4th and after the attorneys had concluded the conference, Demeaux telephoned to Mrs. Rando and told her that he desired to pay the note and, after a conversation with her, he sent, by special messenger, $25 and a letter written by him reading as follows:

"Enclosed please find the rent for the month of March in the amount of $25.00 on the above address, which I am sending by Western Union Messenger.

"Kindly give this same messenger the rent note covering this payment."

Mrs. Rando accepted the payment and sent to Demeaux a receipt reading as follows:

"New Orleans, La., Mar. 4, 1936.
"Received of Jean Demeaux $25.00 (twenty-five dollars) on rent of March 1936.
"Mrs. J. P. Rando, Test. Ex."

Later, on April 27, 1936, this suit was filed. In her petition Mrs. Rando claims that, by reason of the failure to pay at its maturity the note which, by its terms, matured on March 1st, all the remaining notes were made to mature by the acceleration clause and that with them there also became due interest at 8 per cent. on each note and an attorney's fee at 10 per cent. on the whole. Subsequently, during the pendency of the suit, as each note matured it was paid under an agreement that the payments should not affect the rights of the parties in this litigation concerning interest and attorney's fees. Consequently, all that remains is the claim that, by reason of the acceleration clause, the delay in paying the March 1st note matured all and, at once, made defendant liable for interest

and attorney's fees on each of the subsequent notes.

Defendant contends that when, on March 4th, Mrs. Rando accepted the $25 which was the face amount of the note due on March 1st, the whole matter was terminated and she no longer had any right to claim that all of the remaining notes had been matured.

In the court below there was judgment in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

There would be no doubt whatever that plaintiff, by accepting the payment of $25 on March 4, completely lost her right to contend for the acceleration of the later notes, were it not for the fact that she maintains that, when she accepted that payment, the matter had already been placed in the hands of her attorney and that she so advised Demeaux and told him that she would only accept the $25 "on account." Her counsel further contends that when she accepted the payment she stipulated that it would be accepted "on account," and that, therefore, her right to claim acceleration was not affected by the acceptance of that payment. But the record does not convince us that any such reservation was made. It will be noted that when Demeaux sent the money by Western Union messenger he stated in his letter that it was sent as "rent for the Month of March," and that, also, he requested that the rent note be returned to him. It is true that the receipt given by the plaintiff was couched in terms which may be construed as evidencing an intention on her part to reserve her rights, for she did not say that the $25 was received in payment of the note due March 1, 1936, but that it was received "on rent of March 1936." But we feel that under the circumstances, if plaintiff did not intend to accept that amount as payment of the note, she should have been most particular to so advise Demeaux. She could not accept the $25 which he tendered as payment in full, then fail to return the note, send him an ambiguous receipt, and contend that the payment had been accepted only on account.

It is maintained that, since there was a dispute between counsel, and since, therefore, Demeaux must have known that the matter was in the hands of Mrs. Rando's attorney, he could not pay the face of the note and thereby discharge the entire obligation, because, as soon as the note was placed in the hands of the attorney, interest and attorney's fees became due on the accelerated balance. In the first place, there is, as we have said, a dispute as to whether the matter was placed in the hands of the attorney because of failure of Demeaux to pay the note at its maturity, or because of a dispute as to the cost of repairing the water heater. But, in either event, we think that, if plaintiff intended to maintain and retain her right to take advantage of the acceleration clause, it was her duty to make her position perfectly clear to Demeaux when she accepted the payment from him. She did not do this, and the acceptance of the payment constituted a discharge in full of the obligation which was due on March 1st. The obligation due on April 1st was paid at its maturity and, therefore, when, on April 27th, this suit was filed, there was nothing due which had not been paid. Nor has any subsequent note remained unpaid. It follows that the suit was properly dismissed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.